UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ALAN GIRARD )  <br>          Plaintiff, )  <br> ) <br> vs. ) CAUSE NO. 3:12-cv-17 <br> ) <br> FIBERTECH, INC. ) <br>          Defendant. ) | |

**COMPLAINT FOR DAMAGES**
(Demand for Jury Trial)

Comes now the Plaintiff, Alan Girard, and for his Complaint against the Defendant, Fibertech, Inc., states as follows:

NATURE OF CAUSE

1. This action is brought under the provisions of 29 U.S.C.A. § 2601, et. seq., 42 U.S.C.A. § 12101, et. seq., and under 28 U.S.C.A. § 1331 to redress and enjoin unlawful employment practices.

JURISDICTION

2. Alan Girard ("Girard") is a male citizen of the United States and a resident of Ohio.

3. Defendant Fibertech, Inc. ("Fibertech") is an Indiana corporation doing business in southern Indiana.

4. At all times relevant to this Complaint, Fibertech was an employer within the meaning of 29 U.S.C.A. § 2611 and 42 U.S.C.A. § 12111.

5. The unlawful employment practice complained of in this Complaint occurred in Elberfeld, Indiana, and venue is proper within this District.

6. In July, 2011, Girard filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) against Fibertech (Charge No. 470-2011-02644) for violation of the Americans with Disabilities Act.

7. On November 30, 2011, the EEOC issued a "Reasonable Cause" finding stating, "there is reasonable cause to believe the Respondent has violated the ADA."

8. On January 13, 2012, the EEOC issued Girard a Notice of Right to Sue on his Charge.

9. All conditions precedent to the institution of this action have been met.

GENERAL ALLEGATIONS

10. In or about January, 2009, Girard was hired to work in sales for Fibertech, Inc. ("Fibertech").

11. On January 9, 2009, Girard wrote a letter to William Scott, Fibertech's president, proposing terms for Girard's starting salary and benefits, including a Twenty-Five Thousand Dollar ($25,000) severance payment upon termination.

12. On or about January 21, 2009, Girard entered into an employee contract with Fibertech ("Contract").

13. The Contract incorporated the terms contained in Girard's proposal letter but slightly increased Girard's proposed salary.

14. Further, the Contract made the Twenty-Five Thousand Dollar ($25,000) severance payment effective after one (1) year of employment by Girard. The Contract and incorporated proposal letter are attached hereto as Exhibit "A."

15. Before working for Fibertech, Girard had been diagnosed with cancer and had undergone surgery.

16. In or about October, 2009, Girard was diagnosed with a hernia, which was likely related to his prior surgery. Mr. Girard continued to work without any accommodation.

17. In or about August and September, 2010, Girard was ordered to complete a task at Fibertech which required heavy lifting, despite the fact that the task had nothing to do with his sales position.

18. Soon after completing the task, Mr. Girard experienced nausea and vomiting. His doctor at Cleveland Clinic diagnosed him with a ruptured diaphragm likely brought on by the heavy lifting.

19. Girard's condition substantially limited one or more of his major life activities, and he was a "qualified individual" under the ADA.

20. Further, Girard's condition was a serious health condition, and Girard was an "eligible employee" under the Family and Medical Leave Act.

21. On March 2, 2011, Girard presented William Scott, Fibertech's President, a letter informing him of his diagnosis and requesting three (3) months or less of medical leave.

22. Fibertech refused to provide Girard this reasonable accommodation.

23. Further, Fibertech refused to allow Girard FMLA leave.

24. Instead, Fibertech terminated Girard on or about March 18, 2011.

25. In Fibertech's termination letter to Girard, William Scott stated, "Concurrent with our meeting regarding your employment status on Wednesday, March 2, 2011, we were unable to establish an alternative position for you here at Fibertech's Elberfeld facility. It is with sincere regret that I inform you that your employment with Fibertech, Inc. has been terminated immediately."

26. Fibertech has failed and refused to pay Girard his severance payment under the Contract.

27. Girard met Fibertech's legitimate job expectations at all times.

## COUNT I – ADA VIOLATION

28. Girard incorporates herein by reference each and every allegation contained in paragraphs 1 through 27.

29. Fibertech failed to make reasonable accommodation for Girard's disability.

30. Fibertech's actions were willful and intentional.

31. As a direct and proximate result of Fibertech's actions, Girard has suffered and continues to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Girard respectfully prays for judgment against Fibertech including but not limited to:

a. Unpaid wages, front pay, prejudgment interest, and other compensations due and owing;

b. Punitive damages;

c. Costs incurred in pursuing this action, including reasonable attorney fees and the fees of Girard's experts, if any;

d. This Court retaining jurisdiction of this action to ensure full compliance by Fibertech with the Court's judgment and decree; and

e. All such other relief to which Girard may be entitled and which may be just and proper in the premises.

## COUNT II – FMLA VIOLATION

32. Girard incorporates herein by reference each and every allegation contained in paragraphs 1 through 31.

33. By its actions, Fibertech interfered with, restrained, and/or denied Girard his rights under the FMLA and terminated him in violation of the FMLA.

34. Fibertech's actions were willful and intentional.

35. As a direct and proximate result of Fibertech's actions, Girard has suffered and continues to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Girard respectfully prays for judgment against Fibertech including but not limited to:

a. Unpaid wages, front pay, benefits, prejudgment interest, and other compensations due and owing;

b. Liquidated damages pursuant to 29 U.S.C.A. § 2617;

c. Costs incurred in pursuing this action, including reasonable attorney fees and the fees of Girard's experts, if any;

d. This Court retaining jurisdiction of this action to ensure full compliance by Fibertech with the Court's judgment and decree; and

e. All such other relief to which Girard may be entitled and which may be just and proper in the premises.

## COUNT III – BREACH OF CONTRACT

36. Girard incorporates herein by reference each and every allegation contained in paragraphs 1 through 35.

37. Girard performed all the terms and conditions of the Contract required of him.

38. Fibertech breached the Contract by failing and refusing to pay Girard his Twenty-Five Thousand Dollar ($25,000) severance payment upon its termination of him.

39. As a result of Fibertech's breach, Girard has suffered damages.

PRAYER FOR RELIEF

WHEREFORE, Girard respectfully prays for judgment against Fibertech including but not limited to:

a. Compensatory damages in an amount to be proved at trial;

b. Prejudgment interest;

c. Costs incurred in pursuing this action;

d. This Court retaining jurisdiction of this action to ensure full compliance by Fibertech with the Court's judgment and decree; and

e. All such other relief to which Girard may be entitled and which may be just and proper in the premises.

BARBER & BAUER, LLP
123 NW Fourth Street, Suite 402
Evansville, Indiana 47708
Telephone: (812) 425-9211

By: */s/ Erin Bauer*
Erin Bauer, No. 27733-82


JURY DEMAND

Girard demands trial by jury on all counts of this Complaint

BARBER & BAUER, LLP
123 NW Fourth Street, Suite 402
Evansville, Indiana 47708
Telephone: (812) 425-9211

By: */s/ Erin Bauer*
Erin Bauer, No. 27733-82

H:\amanda\DATA\ERIN\Civil\Girard, Alan\Federal\Complaint.wpd